Kenneth Hill   CDCR# V-86334
Name and Prisoner/Booking Number

CSP SAC
Place of Confinement

P.O. Box 290066
Mailing Address

Represa, Ca  95671
City, State, Zip Code

Scanned at CDCR and E-Mailed
on _S/3/18_ by _TL_
(date)        (initials)
Number of pages scanned:
25

(Failure to notify the Court of your change of address may result in dismissal of this action.)

**FILED**

**May 03, 2018**

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF CALIFORNIA

Kenneth Hill, et al.
(Full Name of Plaintiff)          Plaintiff,

v.

(1) Scott Kernan, Secretary of C.D.C.R.
(Full Name of Defendant)

(2) R. Meier, Associate Warden at C.S.P. SAC

(3) D. Baughman, Warden at CSP SAC

(4) Capt. S. Riley on A facility at CSP SAC
                         Defendant(s).

☒ Check if there are additional Defendants and attach page 1-A listing them.

CASE NO.  2:18-cv-1108 CKD (PC)
(To be supplied by the Clerk)

Request for Jury Trial and Injunctive Relief

**CIVIL RIGHTS COMPLAINT
BY A PRISONER**

☒ Original Complaint
☐ First Amended Complaint
☐ Second Amended Complaint

### A. JURISDICTION

1.  This Court has jurisdiction over this action pursuant to:
    ☒ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
    ☒ 28 U.S.C. § 1331; Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).
    ☒ Other: 28 U.S.C. § 1367

2.  Institution/city where violation occurred: C.S.P. SAC, Represa, California

Revised 3/15/2016

1

Plaintiffs Continued,

(2) Shawn K. Frost Sr. CDCA# H-86711  /K. Frost Jr. (11) Mantell, Compton BB1839

(3) Clifton Terrell CDCR# V79508  (12) Charles, Williams A#18543

(4) TIMOTHY ROSS V92842  (13) Caldwell, Julian #AD185

(5) Levi Carter  (14) Andre Wells G-38404

(6) CHRIS MATHIS G-22924  (15) Donald Whitier V414

(7) BENNIE HENRY G-18735  (16)

(8) Rashawn Armstrong AR9329  (17)

(9) Brider, Shamal #AT9425  (18)

(10) Angelo D. Ford #P-21338  (19)

_____ (20)

_____

Defendants Continued,

(2) R. Meier, Associate Warden at CSP SAC

(3) D. Baughman, Warden at CSP SAC

(4) Captain J. Riley on A-Facility at CSP SAC

(5) Captain Roth on A-Facility at CSP SAC

(6) Captain Schultz on A Facility at CSP SAC

(7) Lt. Gomez on A-Facility at CSP SAC

(8) Lt. Hamilton on A-Facility at CSP SAC

(9) Sgt. Deeds on A-Facility at CSP SAC

(10) Sgt. Strawdriver on A-Facility at CSP SAC

11

## B. DEFENDANTS

1. Name of first Defendant: <u>Scott Kernan, Secretary of CDCR</u>. The first Defendant is employed as:
<u>Secretary of California Department of Corrections + Rehabilitation</u> at <u>Sacramento, California</u>
              (Position and Title)                                 (Institution)

2. Name of second Defendant: <u>D. Baughman, +</u>. The second Defendant is employed as:
<u>Warden of CSP SAC</u> at <u>CSP SAC</u>
              (Position and Title)                                 (Institution)

3. Name of third Defendant: <u>R. Meier</u>. The third Defendant is employed as:
<u>Associate Warden</u> at <u>CSP SAC</u>
              (Position and Title)                                 (Institution)

4. Name of fourth Defendant: <u>S. Riley</u>. The fourth Defendant is employed as:
<u>Captain on A-Facility</u> at <u>CSP SAC</u>
              (Position and Title)                                 (Institution)

If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.

## C. PREVIOUS LAWSUITS

1. Have you filed any other lawsuits while you were a prisoner? ☒ Yes     ☐ No

2. If yes, how many lawsuits have you filed? <u>3</u>. Describe the previous lawsuits:

    a. First prior lawsuit:
        1. Parties: <u>Kenneth Hill</u> v. <u>J. Hall</u>
        2. Court and case number: <u>2:10-cv-01896</u>
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
          <u>Settled</u>

    b. Second prior lawsuit:
        1. Parties: <u>Kenneth Hill</u> v. <u>2:15-cv-2012 AC Gary Swarthout, et al.</u>
        2. Court and case number: <u>2:15-cv-2012 AC</u>
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
          <u>Still Pending</u>

    c. Third prior lawsuit:
        1. Parties: <u>Kenneth Hill</u> v. <u>Scott Kernan, et al.</u>
        2. Court and case number: <u>2:16-cv-3020 KJN P</u>
        3. Result: (Was the case dismissed? Was it appealed? Is it still pending?)
          <u>Dismissed - First Amended Complaint Filed - Pending</u>

If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.

### D.  CAUSE OF ACTION

### CLAIM I

1.   State the constitutional or other federal civil right that was violated: <u>Deliberate Indifference to Plaintiff's Serious</u> <u>Mental Disorders and Safety in violation of the 8th amendment to the U.S. Const. Farmer V. Brennan, 511 U.S. 825</u> <u>[ See Attachment - A ]</u>

2.   **Claim I.**  Identify the issue involved.  Check **only one**.  State additional issues in separate claims.
   - ☐ Basic necessities
   - ☐ Mail
   - ☐ Access to the court
   - ☐ Medical care
   - ☐ Disciplinary proceedings
   - ☐ Property
   - ☐ Exercise of religion
   - ☐ Retaliation
   - ☐ Excessive force by an officer
   - ☒ Threat to safety
   - ☐ Other: <u>Deliberate Indifference</u>

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Claim I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

<u>See Attachment - A</u>

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
<u>Subjected to Imminent and Substantial Risk of Serious Harm, State Created</u>
<u>Decompensation and Exacerbation of Serious Mental Disorders</u>

5.   **Administrative Remedies:**
   a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?  ☒ Yes  ☐ No
   b.   Did you submit a request for administrative relief on Claim I?  ☒ Yes  ☐ No
   c.   Did you appeal your request for relief on Claim I to the highest level?  ☒ Yes  ☐ No
   d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

• Issue Preliminary Injunction ordering Defs. to Cease the Policy/Practice of Integrating or Housing, inmate/patients who have been Identified w/ Sensitive Needs and Safety Concerns on E.O.P Mental Health Treatment Facilities w/ General Population inmate/patients [ Fed.R.Civ.P. 65]

• Issue Declaratory Judgement Defendants Actions as alleged in this complaint Violated the 8th amendment to the U.S. Const.

• Issue Judgement Defendants, Agents of the state, engaged in a Pattern and/or Practice that deprived Plaintiffs of the 8th amendment right and award them $25,000 against each def., individually.

• Issue Permanent Injunction ordering Defs to Cease Policies and/or Practices of Housing inmate/patients Identified w/ Sensitive Needs or Safety Concerns on Facilities with inmate/patients designated for General Population Housing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____5-2-18_____                    _____
                    DATE                             SIGNATURE OF PLAINTIFF

_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)

_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space you may attach more pages, but you are strongly encouraged to limit your complaint to twenty-five pages.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages. Remember, there is no need to attach exhibits to your complaint.

## Jurisdiction

Plaintiffs are inmate/patients incarcerated or previously incarcerated at C.S.P. SAC, PO Box 290066, 100 Prison Rd. Represa, Ca. 95671

This is the same institution where the alleged Deliberate Indifference to Plaintiffs Serious Mental Disorders and Safety occurred. This action sets forth allegations and evidence necessary to support a Federal Claim that Defendants acting under color of law were Deliberately Indifferent to plaintiffs Serious Mental Disorders and Safety in violation of the 8th amendment to the U.S. Const.

The alleged defs. consist of the Secretary of California Department of Corrections and Rehabilitation, Warden, Associate Warden, Captains, lieutenents, Sergeants. all state employees/agents responsible for the Operation of Institutions and facilities. specifically A and B facilities at C.S.P SAC. and ensuring the Safety and Well being of inmate/patients in their Custody. Such state employees/ agents alleged in mentioned violations of Plaintiffs 8th amendment right places this legal action in the Jurisdiction of the Eastern District Court as plaintiffs sues each defendant in his/her individual + official capacities.

## Parties

• Plaintiffs are General Population inmate/patients who have been diagnosed with serious mental disorders and are currently or were previously housed on an Extensive Out Patient [E.O.P.] Mental Health Treatment Facility at C.S.P SAC to receive Mental Health Treatment.

• Def. Scott Kernan, is the Secretary of the California Department of Corrections and Rehabilitation [C.D.C.R.] and is responsible for the operation of each of its institutions and the inmate/patients in his custody

• Def. D. Baughman, is the Warden at C.S.P. SAC and responsible for the safety, care, and well being of inmate/patients in his custody

• Def. R. Meier, is the Associate Warden at C.S.P. SAC and responsible for the classification

Housing, Treatment, Care and well being of inmate/patients housed on E.O.P. Mental Health Treatment Facilities at C.S.P SAC

• Defs. S. Riley, Roth and Schultz are Captains on A-facility at C.S.P. SAC and responsible for the classification, Housing, Treatment, And Care of inmate/patients housed on A-facility

• Defs. Lt. Gomez, Lt Hamilton, Sgt. Derds, and Sgt-Stroudmire are custody supervisors on A-facility and responsible for Proper housing, Treatment, Safety, Care and Well being of inmate/patients on A-facility

7

## CLAIM I

*Deliberate Indifference to Plaintiffs Serious Mental Disorders and Safety*

*In violation of the 8th amendment to the U.S Const. Farmer v. Brennan, 511 U.S 825 (1994)*

*by alleged Defs: Scott Kernan, D. Baughman, R. Meier, Capt. S. Riley, Capt. Roth, Capt.*

*Schultz, Lt. Gomez, Sgt. Deeds, and Sgt. ~~John Doe~~ Strawdrive akm 5-2-18 and Lt. Hamilton*

## ALLEGATIONS

1. Defendants individually and collectively have engaged in a Underground Practice/ Policy of Non-Designating ALL EOP Mental Health Treatment Facilities in the California Department of Corrections and Rehabilitation (C.D.C.R.) (Attachment-B)

2. This Practice/Policy of Non-Designating EOP Mental Health Treatment Facilities operates to Integrate/House "Sensitive Need" inmate/patients [i.e. Protective Custody inmate/patients] in a Facility with General Population inmate/patients [i.e. G.P.], To receive Mental Health Treatment.

3. Prior to Non-Designating E.O.P. Treatment Facilities, inmate/patients who C.D.C.R. identified/classified with "Sensitive Needs or Safety Concerns" were housed and provided mental Health Treatment on "Sensitive Need Yards" and G.P. inmate/patients were housed and provided mental Health Treatment on General Population Facilities. [Separated/Housed for Safety]

4. The classification/identification of Sensitive Needs, Safety Concerns, General Population or Sensitive Need Yard housing is accomplished through the inmate classification process and/or inmate/patient admissions.

5. ALL Defs. have Individually and Collectively taken actions to: (1) Undesignate ALL E.O.P. Treatment Facilities (2) Integrate/House Sensitive Need/inmate-patients with G.P. inmate/patients and (3) Subject ALL inmate/patients receiving Mental Health Treatment at the E.O.P. level of care housed on Undesignated Facilities to a Risk of Imminent and Substantial Serious Harm without Regard to their Serious Mental Disorders or Safety.

6. Since Undesignating A. Facility at C.S.P.SAC their has been numerous Rule Violation Reports (RVR) for inmate-on-inmate violence, i.e. Fights, Assaults, Batteries, Cell Fights, Melees, etc.

between G.P. and S.N.Y inmate/patients.

7. C.D.C.R. staff have taken action to **cover** some of the bigger incidents, such as a Riot on 3-27-18 between numerous G.P. and Sensitive Need inmate/patients (S.N.Y.) by documenting this incident in R.V.R.s as "Individual Fights" to down play the hostilities between the two groups.

8. Cell fights have erupted between S.N.Y and G.P. inmate/patients. where Defs. R.Meier Capt.S.Riley, Lt. Gomez, Lt. Hamilton, Sgt Deeds, and Sgt John Doe Strawdmire #14 5-2-18 have ordered and directed their Housing Unit Custody Officers, an A-Facility, to "force" them to cell-up together by threatening them with R.V.R.s, Confiscation of T.V.'s, Radios, personal property and phone privileges if they refuse.

9. G.P. and S.N.Y. inmate/patients who have expressed or notified Housing Unit Officers of Mental Health issues, Concerns/thoughts of Harming Cellmates or themselves or of incompatibility issues with cellmates are punished with disciplinary actions as mentioned in paragraph #8 for coming forward with their Concerns.

10. Housing Unit Officers have under taken these orders and directives despite G.P. and S.N.Y. inmate/patients notifying them of incompatibility issues and without consideration to their Serious Mental Disorders and Safety.

11. E.O.P. inmate/patients are thereby being subjected to a loss of appliances, personal property, phone calls, etc. for 90 to 180 days if they Refuse to Cell-up or if they inform Custody staff of their incompatibilities with a cellmate.

12. ~~Defs R. Meier, Capt. S.Riley, Capt. Roth, Capt. Schultz, have individually and collectively~~

12. Defendants are aware these disciplinary sanctions have been shown to exacerbate Mental Illness and deteriorate Mental Health.

13. Defendants R.Meier, Capt.S.Riley, Capt. Schultz, Capt.Roth have individually and collectively Stripped S.N.Y. and G.P. inmate/patients of their Single-Cell status during classification reviews, without regard to their Serious Mental Disorders or Safety, to implement Undesignated Programming facilities on EOP Treatment Facilities

14. Inmate/patients who come from General Population to receive Mental Health Treatment

'at the EOP level of Care on a' Undesigned Programming Facility" (Housed with SNY inmate/patients)

Face a Substantial Risk of "Causing Harm or being harmed" when they complete

their Mental Health Treatment and return to the G.P.

15. This Underground practice/policy to Integrate G.P. and S.N.Y. inmate/patients

on the same facility, to receive Mental Health Treatment, operates to Discourage inmates

from seeking or participating in the Mental Health Services Delivery System at the E.O.P.

level of Care.

16. ALL Defs. are responsible for the Safety, Protection, Care, and Well being of inmate/

patients in their custody.

17. Defs. D. Baughman, R. Meier, Capt. S. Riley, Capt. Roth, Capt. Schultz, Lt. Gomez,

C. Hamilton, Sgt. Deeds, Sgt. Strandmire are responsible for the classification, Housing,

Safety, Protection, Care, and Well being of inmate/patients under their supervision

18. ALL Defs. are Deliberately Indifferent to the Serious Mental Disorders and Safety of

inmate/patients/plaintiffs in Undesignating ALL EOP Treatment Facilities, Requiring

G.P. inmate/patients/plaintiffs to House with S.N.Y inmate/patients to receive Mental Health

Treatment.

19. ALL Defs are Subjectively and Objectively aware inmates identified as SNY,

(ie. Protective Custody) Pose and Face a Risk of Imminent Harm when integrated with

General Population inmate/patients/plaintiffs through their access to, and review of, inmate

inmate/patient C-Files, Case factors, Confidential Information, Rule Violation Reports, and

Classification Review Chronos.

20. Upon Information and belief ALL Defs. are Subjectively and Objectively aware of

the Substantial and Imminent Risk of Serious Harm to S.N.Y. inmate/patients by their

acts of requesting/requiring S.N.Y. inmate/patients to" sign-off" (unilateral-

Unconscionable Contract) on the removal of their "Sensitive Need Status" before being

housed on Undesignated facilities with GP inmate/patients/plaintiffs

21. ALL Defs. are Subjectively and Objectively aware of the substantial and Imminent

Risk of Serious Harm to Plaintiffs and Sensitive Need-Protective Custody inmate/patients

1  when integrated, through Past and Present documented acts of violence between

2  the two groups. and the departments need of the Classification Process (mandated by C.C.R,

3  Title 15. section 3375) to review C-Files, Case Factors, Confidential Information etc. to

4  properly identify- designate- and safely house these two groups.

5  22. In Undesignating ALL EOP Treatment Facilities Def. Scott Kernan Failed to

6  take any reasonable actions to prevent this Substantial Risk of Serious harm to

7  Plaintiffs housed on these "Non-designated Programming Facilities" [E.O.P. Treatment Facilities]

8  23. In Undesignating the E.O.P. Treatment Facilities at C.S.P. SAC. Defs. D. Baughman,

9  R. Meier, Capt. S Riley, Capt. Roth, Capt. Schultz, Lt Gomez, Lt. Hamilton, Sgt. Deeds and

10  Sgt. Strudmire failed to take any reasonable action to Prevent the Substantial Risk of

11  Serious harm to plaintiffs

12  24. Plaintiffs documented Serious Mental Disorders have been exacerbated by these

13  conditions. (Major Depression, Bipolar, Post traumatic Stress Syndrome, Anxiety, Anger

14  etc]

15  25. Plaintiffs have experience increased levels of Mental Stress, homicidal and suicidal

16  urges and decompansations of their Mental Health due to the Substantial Risk

17  of Serious Harm created by this practice / policy.

18  26. Plaintiffs are discouraged from seeking or continuing mental health Treatment,

19  at the EOP level of care, due to the Substantial / Immineal Risk of Serious harm

20  created by this practice / policy.

21  27. Plaintiffs continue to suffer from their Documented / Serious Mental Disorders

22  but are discouraged from continuing their Mental Health Treatment due to the

23  Imminent Risk of Serious, Harm created by Undesignating E OP Treatment Facilities.

24  Claim II

25  Defendants, are employees / agents of the C.D.C.R, an agency of the State of California, engaged

26  in a Pattern or Practice that deprived Plaintiffs of their right to be free from Cruel and

27  Unusual Punishment as secured by the 8th amendment to the U.S. Const, paragraphs 1-27 are

28  incorporated in support of this claim as though stated fully herein, Cal. Civ. Code §52.3.

1   Kenneth Hill CDCR# V-86334

2   P O Box 29 0066

3   Represa, Ca 95671

4   C.S.P. SAC

5

6           In The United States District Court

7           For The Eastern District of California

8

9   Kenneth Hill et al. plaintiffs          Case No.

10  V.                                      Motion for Preliminary Injunction

11  Scott Kernan, el al. defendants         Purs. to F.R.C.P. Rule 65 and

12                                          Brief in Support

13      Plaintiffs, pursuant to F.R.C.P. rule 65, request this Court to Grant

14  this motion for a Preliminary Injunction and incorporates paragraphs 1-27

15  of Attachment-A in support of this motion

16          I.    Standard for Preliminary Injunction

17  For Plaintiffs to obtain a Preliminary Injunction, they must establish:

18  (1) They will likely suffer irreparable injury without an injunction. Winter

19  v. Natural Resources Defense Council, 129 S.Ct. at 375; American Trucking Associations, Inc. v.

20  City of Los Angeles, 559 F.3d 1046 (9th Cir. 2009)

21  (2) the threatened injury outweighs any damage the proposed injunction might cause

22  the defendants. Duran v. Anaya 642 F.Supp. 510 (D.N.M 1986)

23  (3) the injunction will not be contrary to the public interest if issued. Mayweathers

24  v. Newland 258 F.3d 930 (9th Cir. 2001)

25  (4) that plaintiffs will likely succeed on the merits.

26  II.    Plaintiffs Will Suffer Irreparable Injury Unless Injunction Is Issued

27  (1) Plaintiffs will suffer Irreparable Injury/Harm if the injunction is not issued as

28  the Imminent and Substantial Risk of Serious Harm to Plaintiffs housed on Undesignated E.O.P.

1  Mental Health Treatment Facilities is Continous and Ongoing.

2  (2) The Risk of Serious Harm ~~yet~~ to Plaintiffs housed on these E.O.P. Mental Health

3  Treatment Facilities is Immenent as Custody Staff are currently inciting violence between

4  G.P. inmate/patients and Sensitive Need inmate/patients by forcing them to integrate and

5  house together (Cell-Up) without consideration to their documented Serious Mental Disorders

6  or Safety

7  (3) The risk of Serious Harm, Substantial, to Plaintiffs house on these E.O.P. Mental

8  Health Treatment facilities is Immenent as Custody staff are subjecting Plaintiffs to

9  Punishment, loss of Property and Privileges, if they do not House together (Cell-Up) or if they

10  express incompatability or safety concerns to Custody staff while being forced to House.

11  (4) Fights, Riots, Assaults, Cell Fights, between Plaintiffs and Sensitive Need inmate/

12  patients house on their Non-Designated E.O.P. Treatment Facilities are continous and ongoing.

13  ~~IIII~~ The Threatened Injury Outweighs any damage the proposed Injunction Might Cause

14  (1) The C.D.C.R. had sensitive Need Yards designated to house and provide Mental Health

15  Treatment at the E.O.P level of Care for inmate/patients identified with Sensitive Needs and

16  Security Concerns.

17  (2) The C.D.C.R has regulations in place to identify and properly house inmate/patients

18  with Sensitive Needs and Safety Concerns on designated Sensitive Need Yards/Facilities and

19  to identify and properly house G.P. inmate/patients on appropiate G.P. facilities.

20  (3) This injunction would only require the C.D.C.R. to revert back to ~~Hou~~sing S.N.Y. and

21  G.P. inmate/patients on "Designated Facilities"

22  ~~IX~~) Injunction Will Not Be Contrary To The Publics Interest.

23  (1) An injunction will protect Plaintiffs right to be free from Cruel and Unusual Punishment

24  as guaranteed by the 8th amendment to the U.S. Const. It is always in the Publics

25  Interest Protect Constitutional rights as the Constitution is the Ultimate expression of the Publics

26  Interest. See Llewelyn v. Oakland County Prosecutors Office, 402 F. Supp. 1379, City of Los

27  Angeles v. Lyons (1983) 461 U.S. 95

28  (2) The C.D.C.R employees/agents have a duty to support and Defend the Constitutions of

1  U.S. and the state of California, implementing Non-Designating Programming Facilities on

2  all E.O.P. Treatment Facilities and Integrating G.P. inmate/patients with inmate/patients

3  who have been identified with Sensitive Needs and Safety Concerns Subjects plaintiffs to a

4  substantial risk of serious harm without regard to their Serious Mental Disorders or

5  Safety in violation of the 8th amendment to the U.S. Const.

6  (3) The injunction would serve the Public Interest in ensuring Plaintiffs rights are supported

7  and defended by Prison officials who are under Oath, purs to Article XX, section 3 of

8  California Const. and the 8th and 14th amendments to the U.S. Const.

9  (4) Implementing and Enforcing Non-Designated Programming Facilities on E.O.P. Mental

10  Health Treatment Facilities does not Comply with the Administrative Procedures Act and

11  is thereby Invalid. This injunction would this Invalid Practice/Policy and ensure

12  Plaintiffs are Properly Housed, Protected, and Provided Adequate Mental Health Treatment

13  I. Plaintiffs Are Likely to Succeed on the Merits

14  (1) It is clear Plaintiffs, G.P. inmate/patients, are being Subjected to a Substantial Risk of

15  Serious harm while being forced to house on a facility and in Cells with Sensitive Need

16  inmate/patients, [Protective Custody] as the Hostilities between these two groups are long-standing throughout

17  Prisons in California (and the Nation). The C.D.C.R.s actions to Integrate these two

18  groups on the same facilities and in the same Cells is Deliberate Indifference to their Serious

19  Mental Disorders and Safety as established in Farmer V. Brennan (1994) 511 U.S. 825

20  (2) The inmate on inmate violence on Undesignated E.O.P. Treatment Facilities has increased

21  and is continues since implementation.

22  (3) There is documentary evidence that the C.D.C.R. is aware that Sensitive Need inmate/

23  patients have formed Gangs [Prison Gangs] for Protection and Attacks on G.P. inmate/

24  patients/plaintiffs yet have failed and/or refused to take any "reasonable-action" to

25  prevent violence or harm to Plaintiffs in implementing the Underground Practice/

26  Policy to Non-Designate all E.O.P. Treatment Facilities and Integrate Plaintiffs with

27  Sensitive Need inmate/patients

28       For the reasons stated above, this court should issue a preliminary injunction

1   order Defendants to cease the Implementation of Non-Designated Programming

2   Facilities and Integration of Plaintiffs with inmate/patients who have been

3   identified with Sensitive Needs and Safety Concerns.

4   Dated: 5-1-18                                    Respectfully Submitted,

5                                                    K Nu

6                                                    Kenneth Hill, Plaintiff, et al.

# EXHIBIT COVER PAGE



# 1

EXHIBIT

Description of this Exhibit: Affidavit in Support of Plaintiffs Motion for Preliminary Injunction

Number of pages to this Exhibit: ___3___ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

I, Kenneth Hill, declares:

1. Due to my documented Serious Mental Disorders and Need for Mental Health Treatment at the Extensive Out Patient (E.O.P.) level of Care, I have been Subjected to a Substantial Risk of Serious Harm

2. This Substantial Risk of Serious harm is Created by the California Department of Corrections and Rehabilitation (State Agency) implementation of "Non-Designated Programming Facilities" on E.O.P. Mental Health Treatment Facilities. Implementation of Non-Designated Programming Facilities, on E.O.P. Mental Health Treatments Facilities. mandates General Population inmate/patients, who have been diagnosed with a Serious Mental Disorders and need Mental Health Treatment at the E.O.P. level of Care, to "Integrate and House" with inmate/patients, who have ~~been~~ not only been diagnosed with Serious Mental Disorders but who also have been identified with Sensitive Needs and Safety Concerns, to receive Mental Health Treatment at the E.O.P. level of Care.

3. C.D.C.R. staff are fully aware of the Hostilities between inmate/patients designated "General Population" and inmate/patients designated "Sensitive Need" [S.N.Y. or Protective Custody]. C.D.C.R. staff are fully aware of the "Prison Politics" or "Inmate Rules" that Designate General Population inmate/patients as Enemies to inmate/patients identified as S.N.Y. (Protective Custody). CDCR staff are fully aware of the Prison Gangs that have been created by S.N.Y. inmate/patients for Protection and Attacks on General Population inmate/patients.

4. During my classification review. Def. R. Meier took action to invalidate my Single Cell Status without an E.O.P. Intake Assessment being completed, as mandated by the Mental Health Services Delivery System Program Guide, Chapter 7, section H.3., prior to housing me on A-Facility for Mental Health Treatment at the E.O.P. level of Care.

5. When I contested this action informing Def. R. Meier of my Mental Health issues and safety concerns if housed with a Cellmate. Def. R. Meier responded for me to

1   "Do what you gotta do and we'll do what we gotta do, until then I'm

2   double celling You", encouraging me to engage in violence towards my cellmate to

3   ⊗ retain my Single-Cell Status.

4   6. Since this action I have been subjected Threats of Punishment and Confiscation

5   of my personal property from Custody staff if I do not accept a S.N.Y inmate/

6   patient as a cellmate.

7   7. Since the action by Def. R. Meier, Custody staff, under the direction of Defs.

8   R. Meier, Capt. S Riley, and Lt. Gomez, and Hamilton. have engaged in a practice

9   to Force G.P. inmate/patients, housed on A. Facility, to Double Cell with Sensitive

10  Need inmate/patients by threatening them Punishment and Confiscation of Personal

11  Property and loss of time.

12  8. I have been issued numerous R.V.R.'s "falsely Alleging" I refused

13  to accept assigned Housing when I express to Custody Staff my

14  Incompatibility and safety concerns with potential Cellmates who are

15  Sensitive Need inmate/patients.

16  9. I have loss over 90 days good time credits, Phone Calls, personal property, canteen,

17  and appliances for 180 days as a direct result of a guilt finding on this

18  "Fabricated" RVR.

19  10. Custody Supervisors and Custody Officers contend while issuing and hearing

20  these RVR's that we must get you guys to take a celly (G.P. and S.N.Y inmate/

21  patients) indicating Mental Health. and Safety do not address "Housing Needs."

22  (See attach CDCR Form 22 Inmate/Parolee Request for Interview, Item or Service)

23  11. I have experience deterioration in my Mental Health as a direct of these

24  actions and conditions created by integrating me with S.N.Y inmates

25  12. I have experienced, and continued to experience, Suicidal and Homicidal

26  thoughts since being forced to integrate and house on A Facility with S.N.Y.

27  inmate/patients. as I must be cautious of attacks or altercations with

28  S.N.Y inmate/patients and cannot focus on my treatment, therapy, coping.

13. I know that other plaintiffs and myself will suffer or continue to suffer irreparable injury as this practice/policy is being undertaken by custody staff under the Authority of the California Code of Regulations for Disciplinary actions, and plaintiffs Serious Mental Disorders and Safety are not being considered by Custody Staff when they are attempting to integrate plaintiffs in cells with SNY inmate/patients.

14. Irreparable injury will result as plaintiffs right to be Free from Cruel and Unusual Punishment will continue to be violated by the implementation of Non-Designated Programming Facilities on E.O.P. Mental Health Treatment Facilities.

15. Irreparable Injury will result as plaintiffs in need of Mental Health Treatment at the E.O.P. level of Care are being subjected to a Substantial Risk of Serious Harm and Violence without 2/2 5-2-18 regard to their Serious Mental Disorders or Safety.

16. Due to these conditions, I am discouraged from participating in E.O.P. Mental Health Treatment.

I, Kenneth Hill, declare under penalty of perjury that the foregoing is true and correct.

Date: 5-2-18                                    Kenneth Hill

                                               Plaintiff-Declarant

3 of 3

# EXHIBIT COVER PAGE

# 2

EXHIBIT

Description of this Exhibit: Cal. Dept. of Corrections and Rehabilitation Form 22

Number of pages to this Exhibit: _____1_____ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

STATE OF CALIFORNIA
**INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE**
CDCR-0022 (10-09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

## SECTION A:  INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) Hill | (FIRST NAME) | CDC NUMBER: V-86339 | SIGNATURE: |
| --- | --- | --- | --- |

| HOUSING/BED NUMBER: A 6201 | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
| --- | --- | --- | --- |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

On 2-3-18, You threatened to issue me an RVR for stating I was not compatiable with two inmates you were attempting to compell me With. I request: 1. Was my Mental Disorders and Health considered in your actions and,

2. Was the info re my current Family Crisis with my Mothers Health-Life considered in your actions.

METHOD OF DELIVERY (CHECK APPROPRIATE BOX)  **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL:  ADDRESSED TO: C/O Hord                        DATE MAILED: 2.3.18

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO |
| --- | --- | --- | --- |

| IF FORWARDED – TO WHOM: Giving to C/O Hord Personally | DATE DELIVERED/MAILED: 2-3-18 | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON   BY US MAIL |
| --- | --- | --- |

## SECTION B:  STAFF RESPONSE

| RESPONDING STAFF NAME: C. Hord | DATE: 2-3-18 | SIGNATURE: | DATE RETURNED: 2-3-18 |
| --- | --- | --- | --- |

~ The inmate I'm attempting to double cell you with is both racially eligible for you & fits your programming needs determined by your ICC dated 7/21/17. The above personal feelings are understandable but do not address housing needs. This is also will be addressed during your 115 hearing, which is your proper time to rebuttle the 115.

## SECTION C:  REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL.  KEEP FINAL CANARY COPY.

C/O Hord has a duty- Mandated by the 8th and 14th amends to the U.S. Const. To Protect inmate/patients f/ Harm or from Harming Each other. When I Invoked this right- By informing C/O Hord that I was going through a family Crisis and would not be able to live w/ another inmate/patient without causing them Harm or Causing them to Harm Me due to my current Mental State. He wrote me up. This practice/action by C/O Hord not only violates the 8th and 14th amend but also constitutes Falsifying a Report in Retaliation For Invoking my 8th amend Right.

| SIGNATURE: | DATE SUBMITTED: 2-23-18 |
| --- | --- |

## SECTION D:  SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
| --- | --- | --- | --- |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# EXHIBIT COVER PAGE

#3

EXHIBIT

Description of this Exhibit: C.O.C.R. Classification Committee Chrono

Number of pages to this Exhibit: _____2_____ pages.

JURISDICTION:   (Check only one)

☐ Municipal Court
☐ Superior Court
☐ Appellate Court
☐ State Supreme Court
☒ United States District Court
☐ State Circuit Court
☐ United States Supreme Court
☐ Grand Jury

**CALIFORNIA DEPARTMENT of**
**Corrections and Rehabilitation**

# CLASSIFICATION COMMITTEE CHRONO

| | | | |
|---|---|---|---|
| **Inmate Name:** | HILL, KENNETH | **Date:** | 04/24/2018 |
| **CDC#:** | V86334 | **Date of Birth:** | 01/12/1977 |
| **Control Date:** | 09/22/2021 | **Control Date Type:** | Earliest Possible Release Date |

| | | | |
|---|---|---|---|
| **Hearing Date:** | 04/24/2018 | **Hearing Type:** | OTC/Return |
| **Committee Type:** | Institution Cls. Committee (UCC) | **Correctional Counselor:** | L. O'Brian |

**STATIC CASE FACTORS**

**CRITICAL CASE FACTORS**

## CLINICIAN COMMENTS

The treating clinician, Dr. A. Swarthout, was present and participated in UCC as a committee member. Dr. Swarthout asked S questions relative to his mental health needs and understanding.

## COMMITTEE ACTION SUMMARY

INITIAL/OTC & RETURN REVIEW: RELEASE FROM ORIENTATION TO A EOP, MEDA, A1/A EFF. 7/5/17, PLACE ON  VOL COLL/SS W/L, NGPC, NBDC, NDRC, D/C, IHC: RE.

## COMMITTEE COMMENTS

HILL appeared before the A-FAC EOP Unit Classification Committee for the purpose of OTC &amp;amp;amp; Return/Program Review and program determination.  The CDCR 128-B-1, dated 4/20/18, was issued 72 hours prior to this classification hearing.  See CDCR 128-B-1, which is in file. S stated that his health was good and was willing to proceed. Prior to committee reviewing and discussing this case, S was introduced to the committee members.

S is an OTC Return from HDSP. S was at HDSP to attend court proceedings, as the defendant, which took place on 4/13/18, at Lassen County Superior Court for case #CH035853, which is associated with pending HDSP RVR, dated 3/15/17, Battery on a Peace Officer (Log# 2445324). S next court date is scheduled for 5/31/18. Committee notes ICC Action, dated 5/24/17, will serve as basis for S' case factors.

180/270 Eligibility:  S is temporarily ineligible from a 270-design housing based on pending division B RVR dated 3/15/17, Battery on a Peace Officer. S shall be reviewed for a 270-design housing upon the adjudication of the RVR in question.

Double Cell with compatible housing status based on no documented history of in-cell violence, no predatory behavior, and no victimization concerns. UCC notes ICC Action dated 3/16/17, in which S stated he was unsure if he would harm a cellmate if one were placed in his cell. ICC Action dated 7/12/17 reviewed S case and cleared S for double cell housing. S currently has recent RVRs for Refusing Assigned Housing dated 4/14/18 (pending) and 2/3/18. UCC has reviewed and discussed the outside the cell violence: Fighting 8/5/16, 3/13/15; Participation in a Riot (blacks v. others) 4/4/12; Battery on IM 12/11/08.  S acknowledged his understanding and agrees with his current cell status.

The current Integrated Housing Code (IHC) is noted as:  RE  This has been reviewed by committee and remains appropriate.

Medical/Mental Health: S is a participant in the MHSDS at the EOP level of care, per SOMS. DDP: S is designated NDD per SOMS. DPP: none noted. TB Code: 22 per SOMS. S is OP, Infrequent Basic Consultation, Limited Duty, Medium Risk, Uncomplicated Nursing, Cocci #2 Restricted per SOMS Medical Classification Chrono dated 2/4/16.

Staff Assistant: CCI(A) C. Cook, for purposes of achieving Effective Communication, met with S 24-hours  prior to this hearing and was present during this hearing.  Effective Communication was achieved via simple English and additional time.  S demonstrated he was able to communicate and understand by restating the information in his own words.  A Staff Assistant was assigned based on: S is participant in the MHSDS at the EOP level of care.

Inmate Comments:  During pre-program interview on 4/20/18 with his assigned counselor, S requested to be taken off orientation and go back to his regular program. S did participate during committee.  S agreed with the committee's actions.  S was advised of his right to appeal this action within 30 calendar days and that a copy of this classification committee chrono should be attached to the appeal.

Sensitive Needs: none noted.

Additional Comments: S has a TABE of 1.1 per SOMS.  Violence Exclusion does apply based upon prior commitment offense. COMPAS assessment was completed on 11/5/13.  S is currently endorsed to SAC-IV (180/EOP) per Auditor Action dated 6/9/17. BPH: N/A. The following case factors have been updated:  Non-Confidential/Confidential Offender Separation Alerts.

S was advised, and understood, that effective January 8, 2018, all EOP programs became non-designated programming facilities, which means that both GP and SNY inmates are expected to house and program together. UCC notes the following pending RVR, originated at HDSP, dated 3/15/17 Battery on Peace Officer. Once adjudicated and if found guilty, will require GP-ICC for SHU Assessment.

S was advised that any additional RVRs may result in placement as a program failure and C/C status. Per Title 15, CCR 3000, Program Failure is defined as any inmate who generates a significant disciplinary history within the last 180 days from the current date. A guilty finding for two serious Rules Violation Reports or one serious and two administrative Rules Violation Reports within that 180 day time period is reasonable evidence of a significant disciplinary history and may be considered a program failure.

PREA: As part of S's initial classification review, the chairperson reviewed the completed PREA Screening tool with S and asked S if he had any additional relevant information that should be considered for future housing and/or program/work assignments. S stated he has no additional information to provide and feels the current housing assignment is appropriate at this time.

Committee Action:  Committee acts to: Release from Orientation to A FAC EOP.  Committee acts to retain S on double cell housing status.  Committee acts to retain custody at MEDA based on no precluding factors.  Retain WG/PG A1/A effective 7/5/17. Place on Voluntary College W/L and SS W/L. S not eligible for dining room assignments based on staff battery within last three years (pending RVR dated 3/15/17). S not eligible for Gate Pass clearance based on staff battery within last three years (pending RVR dated 3/15/17). S is not eligible for Back Dock clearance based on NGPC. S is not eligible for PIA based on not disciplinary free for at least 6 months.

S's next annual review is scheduled for 7/6/18.

| RECORDER | |
|---|---|
| L. O'Brian | 04/24/2018 |
| | Date |

| CHAIRPERSON | |
|---|---|
| S. Riley | 04/24/2018 |
| | Date |

CDCR SOMS ICCT162 - Classification Committee Chrono

# PROOF OF SERVICE

## (C.C.P. §§1013(a); 2015.5; 28 U.S.C. §1746)

I, _Kenneth Hill_____, am over the age of eighteen (18) years, and I (am) (am not) a party to the within cause of action. My address is:

_Kenneth Hill   CDCR#V96334_
_P O Box 290066_
_Represa, Ca 95671_
_C.S.P. SAC_

On, _5-3-18_____, I served the following documents:

_•42 U.S.C. §1983 Civil Action, •Motion for Preliminary Injunction Purl. to FRCP 65 and Supporting Documents [Declaration, CDCR Classification Committee Chrono, CDCR Form 22], •Proposed Order on Motion for Preliminary Injunction_

on the below named individual(s) by depositing true and correct copies thereof in the United State mail in Represa, California, with postage fully prepaid thereon, addressed as follows:

| | |
|---|---|
| 1. _U.S. District Court_<br>_For the Eastern District of California_<br>_501 I St., Suite 4-200_<br>_Sac, Ca 95814-2322_ | 2. _Xavier Becerra, Attorney General of California_<br>_1300 I street, Suite 125_<br>_P.O. Box 944255_<br>_Sac, Ca 94244-2550_ |

I have read the above statements and declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this _3rd_ day of _May_____, _2018_, at California State Prison - Sacramento, Represa, California.

(Signature) _____