UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH HILL, et al., | No. 2:18-cv-1108 TLN CKD P |
| Plaintiffs, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| SCOTT KERNAN, et al., | |
| Defendants. | |

Plaintiffs, state prisoners proceeding pro se, seek relief pursuant to 42 U.S.C. § 1983 and a preliminary injunction. (ECF Nos. 1, 8.) Plaintiff Hill has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 (ECF Nos. 4, 9) and some of the plaintiffs have filed an amended complaint (ECF No. 10).

I. First Amended Complaint

As an initial matter, the court notes that this action has been filed by fifteen different plaintiffs. (ECF No. 1 at 1-2.) Some, but not all, of these plaintiffs have filed an amended complaint. (ECF No. 10 at 2.) Because the amended complaint has not been signed by all the original plaintiffs, and those plaintiffs who did not sign have not submitted notices that they are withdrawing from the case, the first amended complaint will be stricken from the record.[1]

---

[1] The court notes that besides one new individual attempting join as a plaintiff, some (continued)

1

II. Dismissal of Additional Plaintiffs

As noted above, this action was brought by multiple plaintiffs. However, it does not appear that the plaintiffs are properly joined. The Federal Rules of Civil Procedure permit multiple persons to join as plaintiffs in an action when "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). In the complaint, plaintiffs allege that they are general population inmates with serious mental health disorders and that defendants were deliberately indifferent to their mental health needs when they began integrating protective custody inmate-patients with the general population inmate-patients for mental health treatment. ECF No. 1 at 6, 8-9. In order to provide integrated treatment, protective custody and general population inmate-patients are being stripped of their single-cell status and housed together, leading to increased tensions and fighting on the yard. Id. at 8-9. Those who advise officers of compatibility issues with their cell mates are written up for rules violations, which subjects them to disciplinary sanctions. Id. at 9.

Although plaintiffs are alleging that the same policy is violating their rights, determining whether defendants have been deliberately indifferent to their mental health needs will require an individualized consideration of the facts regarding their mental health conditions, housing assignments, disciplinary actions, and any adverse effects or conditions they may have suffered. Should the defendants raise the issue of exhaustion of administrative remedies, this will also require an individualized examination of whether each plaintiff has complied with the exhaustion requirements of 42 U.S.C. § 1997e. Because of this, joinder is not proper. See Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997) ("[T]he mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact. Clearly, each Plaintiff's claim is discrete, and involves different legal issues, standards, and

---

typographical corrections, and an additional third claim that does not materially change the complaint, the first amended complaint is identical to the original complaint. Compare ECF No. 1 with ECF No. 10.

2

procedures. Indeed, even if Plaintiffs' cases were not severed, the Court would still have to give each claim individualized attention. Therefore, the claims do not involve common questions of law or fact.").

Even if the plaintiffs could amend the complaint to show joinder was proper, they are individuals in the custody of the California Department of Corrections and Rehabilitation. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions,[2] the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with un-incarcerated individuals. Even if all of the plaintiffs obtained authorization to communicate with each other, delays would be caused by the need for all filings to contain the original signatures of all plaintiffs, since plaintiffs are not permitted to authorize one individual to sign documents for them. L.R. 131(b) ("All pleadings and non-evidentiary documents shall be signed . . . by the party involved if that party is appearing *in propria persona*."); Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself.'" (quoting C.E. Pope Equity Tr. v. United States, 818 F.2d 696, 697 (9th Cir. 1987))). Such issues have already arisen with plaintiffs' attempt to amend the complaint because it was not signed by each of them.

When parties are misjoined, "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "[D]istrict courts who dismiss rather than sever must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015) (citations omitted). In this case, the court finds dismissal of all plaintiffs except plaintiff Hill to be appropriate. The complaint contains only general allegations and no specifics as to how each defendant has violated each plaintiff's rights and what each plaintiff has

---

[2] At least one plaintiff has already been transferred. The docket in this case reflects that on May 23, 2018, plaintiff Wells filed a notice of change of address in another case stating that he is now housed at Salinas Valley State Prison.

experienced, and therefore currently fails to state any claims for relief. If the court severs the plaintiffs instead of dismissing them without prejudice, each plaintiff will be obligated to pay the statutory filing fee of $350.00 for his action, even if he proceeds in forma pauperis, 28 U.S.C. § 1915(b)(1), and there is the potential for accruing a strike if they are ultimately unable to state a claim for relief, 28 U.S.C. § 1915(g). Since plaintiff Hill is the only plaintiff to have submitted an application to proceed in forma pauperis, it is not clear that the other plaintiffs have considered these potential consequences of filing a complaint. The court finds that it would be more appropriate to let each individual plaintiff choose whether to continue pursuing these claims by separate lawsuit rather than making that choice for them. Furthermore, based on what little information is provided, the alleged violations of their rights are both recent and ongoing, allaying any concerns related to the statute of limitations. (ECF No. 1 at 8-9.)

Accordingly, the undersigned recommends that all plaintiffs except plaintiff Hill be dismissed without prejudice to initiating their own, individual actions.[3]

III. Application to Proceed In Forma Pauperis

Plaintiff Hill has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF Nos. 4, 7, 9.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff Hill is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff Hill will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff Hill's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff Hill will be obligated for monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in his account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.

---

[3] This includes dismissal of T'varria Coleman, who attempted to join as a plaintiff in the first amended complaint.

§ 1915(b)(2).

IV.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

V. Complaint

As discussed above, the complaint contains only general allegations that the recent integration of protective custody and general population inmate-patients violates the plaintiff's Eighth Amendment rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted). Accordingly, since the complaint lacks specific allegations regarding defendants' actions as they relate to any of the plaintiffs, the complaint fails to state a claim for relief and will be dismissed. Plaintiff Hill will be given leave to amend and it will be recommended that all other plaintiffs be dismissed without prejudice to filing their own, individual actions.

VI. Leave to Amend

If plaintiff Hill chooses to amend the complaint, it should contain only those claims that apply to him. Furthermore, he should keep in mind that "a prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious; a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the

Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

He must also demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff Hill is also informed that the court cannot refer to a prior pleading in order to make his first amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 929 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff Hill files a first amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII. Motions for Preliminary Injunction

Plaintiff Hill has also filed two motions for preliminary injunction.[4] (ECF No. 1 at 12-26;

---

[4] Both motions are signed only by plaintiff Hill and are therefore brought only by him. Johns, 114 F.3d at 877.

7

ECF No. 8.) "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (citations omitted). The Ninth Circuit has held that "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest," even if the moving party cannot show that he is likely to succeed on the merits. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011). Under either formulation of the principles, preliminary injunctive relief should be denied if the probability of success on the merits is low. Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) ("'[E]ven if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits.'" (quoting Martin v. Int'l Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984))).

In light of the finding that the complaint does not state a claim for relief, plaintiff is currently unable to demonstrate any likelihood of success on the merits and his motion should be denied. If plaintiff chooses to file an amended complaint, he may file another motion for preliminary injunction at that time.

VIII. Plain Language Summary of this Order for a Pro Se Litigant

Plaintiff Hill's request to proceed in forma pauperis is granted and he is not required to pay the entire filing fee immediately.

The first amended complaint will be stricken from the record because it is not signed by all the plaintiffs.

The original complaint should be dismissed with leave to amend because the facts alleged are not enough to state a claim for relief as to any plaintiff. Additionally, all plaintiffs except plaintiff Hill should be dismissed, but are free to file their own separate action. If plaintiff Hill chooses to amend the complaint, the first amended complaint must include only claims related to

plaintiff Hill and must also include all of the information and claims that he wants to make because the court will not look at the claims or information in the original complaint. **Any claims not in the first amended complaint will not be considered.**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff Hill's request for leave to proceed in forma pauperis (ECF Nos. 4, 7, 9) is granted.

2. Plaintiff Hill is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff Hill is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of the Court is directed to strike the first amended complaint (ECF No. 10) from the record.

4. The Clerk of the Court is directed to serve a copy of this order on T'varria Coleman, CDCR #AW-6539, at California State Prison, Sacramento, P.O. Box 290066, Represa, CA 95671.

IT IS FURTHER RECOMMENDED that:

1. Plaintiff Hill's motions for preliminary injunction (ECF No. 1 at 12-26; ECF No. 8) be denied.

2. The complaint be dismissed with leave to amend as to the claims regarding plaintiff Hill and all plaintiffs except plaintiff Hill be dismissed without prejudice to filing their own, individual complaints. Putative plaintiff T'varria Coleman, who attempted to join in the first amended complaint, should also be dismissed without prejudice to filing his own complaint.

3. Within thirty days of an order adopting these findings and recommendations, plaintiff Hill may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Plaintiff Hill must file an original and two copies of the amended complaint. Failure to file an

amended complaint in accordance with such an order will result in dismissal of this action.

4. The Clerk of the Court be directed to send plaintiff Hill a copy of the prisoner complaint form used in this district.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 4, 2018

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

13:hill11008.14.new.f&r