UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH HILL, et al.,

    Plaintiff,

v.

SCOTT KERNAN, et al.,

    Defendant.

No. 2:18-cv-01108-TLN-CKD

ORDER

Plaintiffs, state prisoners proceeding pro se, have filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On June 4, 2018, the magistrate judge filed findings and recommendations herein which were served on Plaintiffs and which contained notice to all Plaintiffs that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 11.) Plaintiff Hill has filed objections to the findings and recommendations (ECF No. 17), as well as a motion for class certification and appointment of counsel (ECF No. 18). None of the other Plaintiffs have filed objections or signed the objections and motion filed by Plaintiff Hill.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper

1

analysis. Furthermore, Plaintiff Hill's motion for appointment of counsel and class certification (ECF No. 18) is denied.

With respect to Plaintiff Hill's request for appointment of counsel, the United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain "exceptional circumstances," the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir. 1990).

"When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The burden of demonstrating exceptional circumstances is on the plaintiff. *Id.* Plaintiff Hill has not demonstrated that he has a likelihood of success on the merits, and appointment of counsel is therefore not warranted. To the extent Plaintiff Hill asserts that counsel should be appointed under Federal Rule of Civil Procedure 23(g), as set forth below, he has failed to demonstrate that the motion for class certification should be granted, and so the need for appointment of class counsel is a moot.

Plaintiff Hill's request for class certification is also be denied. First, Hill is proceeding pro se and therefore cannot represent the class. *Antonetti v. Foster*, 691 F. App'x 841, 842 (9th Cir. 2017) ("The district court properly denied Antonetti's motion for class certification because, as a pro se litigant, Antonetti has no authority to represent anyone other than himself.") (citing *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)). More importantly, even if the Court were to assign counsel, Plaintiff has failed to demonstrate that class certification is warranted.

Under Federal Rule of Civil Procedure 23,

> [o]ne or more members of a class may sue or be sued as representative parties on behalf of all members only if:

2

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

As an initial matter, Plaintiff Hill is the only plaintiff who has signed the motion for class certification. (ECF No. 18 at 3.) It is therefore unclear whether any of the other plaintiffs agree that this case should proceed as a class action. The lack of any other plaintiffs' signature on the motion to certify the class, and the failure of any plaintiffs other than Plaintiff Hill to object to the finding that the plaintiffs are improperly joined, is sufficient grounds to deny the motion for class certification. However, as addressed below, Plaintiff Hill has also failed to demonstrate compliance with Rule 23.

First, Plaintiff Hill has failed to show that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a). Though Rule 23 does not impose a minimum number of class members, Plaintiff Hill makes only broad assertions that "[t]he Housing Policy in question, AFFECTS ALL General Population inmate/patients housed on E.O.P. Treatment Facilities 'STATEWIDE.'" (ECF No. 18 at 1 (emphasis in original).) However, even assuming this fact to be true, Plaintiff Hill has not demonstrated that the policy is unconstitutional on its face, and there is no indication as to how many individuals have actually had their rights violated as a result of the policy. The original complaint includes only fifteen named plaintiffs, all located at the same prison (ECF No. 1 at 2), and while the stricken first amended complaint sought to add an additional plaintiff, it named only eleven plaintiffs (ECF No. 10 at 2). This is not sufficient to satisfy the numerosity requirement. *See Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318,

330 (1980) (finding fifteen members too small to meet numerosity requirement).

Second, for the same reasons that the magistrate judge found joinder of the plaintiffs was not proper (ECF No. 11 at 2–3), Plaintiff Hill has failed to show that there are common questions of law or fact. Fed. R. Civ. P. 23(a). The motion to certify incorporates the complaint in an attempt to address this factor. (ECF No. 18 at 2.) However, the complaint makes only broad, conclusory allegations of general types of conduct that allegedly violate the Plaintiffs' rights. (ECF No. 1 at 8–11.) As noted in the findings and recommendations, based on the allegations in the complaint, each of Plaintiff's claims will require individualized consideration (ECF No. 11 at 2–3), and although the findings and recommendations address this issue in the context of deliberate indifference, the reasoning applies equally to Plaintiff Hill's claims that Defendants have failed to protect the putative class.

Third, Plaintiff Hill has not established that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a). "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). Plaintiff Hill's conclusory assertion that "General Population inmate/patients housed on <u>separate</u> facilities have expressed similar concerns relating to the substantial risk of serious harm this Housing Policy exposes them to" is insufficient to demonstrate the necessary typicality. (ECF No. 18 at 2 (emphasis in original).)

Finally, Plaintiff Hill has failed to show that the named plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). "To determine whether named plaintiffs will adequately represent a class, courts must resolve two questions: '(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?'" *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011) (quoting *Hanlon*, 150 F.3d at 1020). Plaintiffs are not represented by counsel and are therefore not adequate representatives because they do not have authority to represent anyone but themselves. *Antonetti*,

4

691 F. App'x at 842.  Furthermore, as addressed above, appointment of counsel is not warranted at this stage.  Plaintiff Hill has also failed to address whether he or any of the other named Plaintiffs would have conflicts of interest with other class members.  (ECF No. 18 at 2–3.)

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed June 4, 2018 (ECF No. 11), are ADOPTED in full;

2. Plaintiff Hill's motions for preliminary injunction (ECF No. 1 at 12–26; ECF No. 8) are DENIED;

3. The complaint is DISMISSED with leave to amend as to the claims regarding Plaintiff Hill, and all plaintiffs except Plaintiff Hill are DISMISSED without prejudice to bringing their own, individual actions.  Putative Plaintiff T'varria Coleman, who attempted to join in the first amended complaint, is also DISMISSED without prejudice to bringing his own action.

4. Within thirty days of service of this order, Plaintiff Hill may file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Plaintiff Hill must file an original and two copies of the amended complaint.  Failure to file an amended complaint in accordance with this order will result in dismissal of this action.

5. The Clerk of the Court is directed to send Plaintiff Hill a copy of the prisoner complaint form used in this district.

6. Plaintiff Hill's motion for class certification and appointment of counsel (ECF No. 18) is DENIED.

Dated: February 4, 2019

Troy L. Nunley
United States District Judge

5